IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID W. WILSON, | | |
| | Plaintiff, | No. CIV S-06-1232 MCE GGH P |
| vs. | | |
| ARNOLD SCHWARZENEGGER, et al., | | |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

Introduction

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court are: 1) defendants' motion to dismiss, filed on 12/03/07, to which plaintiff filed opposition; 2) plaintiff's motion for summary judgment, filed on 1/22/08, to which 3) defendants' filed, on 1/29/08, a motion for denial of continuance of the motion.

Second Amended Complaint

      Plaintiff alleges violations of his constitutional rights under the First, Eighth and Fourteenth Amendments in this suit for money damages and prospective injunctive relief.  He also brings allegations of violations of Title II of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 (RA) at California Medical Facility-Vacaville (CMF).  Defendants are the California Department of Corrections and Rehabilitation (CDCR); Correctional Officer (C/O)

1  Nesbeth; C/O Hislip; C/O Baker; N. Grannis.  Plaintiff alleges that he, an individual suffering
2  from Post Traumatic Stress Disorder (PTSD) and a diagnosed schizophrenic in the Enhanced
3  Outpatient program (EOP) at CMF, has been denied "reasonable modifications of program half
4  (½) hour cell/program unlocks, and count clear unlocks to programs, and access to Dayroom
5  program under claimed ADL/Housekeeping...."  Second Amended Complaint (SAC), p. 2.
6           The gravamen of plaintiff's complaint is that at CMF violations of the ADA have
7  occurred in that EOP inmates, such as himself, have been denied equivalent access to showers and
8  dayroom as general population inmates.  Moreover, defendants Nesbeth, Hislip and Baker
9  discriminated against him and acted in retaliation against him by denying plaintiff (and other EOP
10 inmates) such equivalent access, plaintiff's complaints about such treatment having precipitated
11 unwarranted cell searches and retaliatory disciplinary action against him by these individuals.
12 Plaintiff also alleges that defendant Grannis denied his constitutional rights and his rights under
13 the ADA in appeal denials about the allegedly discriminatory and retaliatory activity.  SAC, pp. 1-
14 10.

15 Motion to Dismiss

16           Defendants move to dismiss this action under Fed. R. Civ. P. 12(b)(6), for
17 plaintiff's failure to state a claim.  Defendants move for dismissal of plaintiff's ADA injunctive
18 relief claims and his claims against defendant Grannis.  As plaintiff has been transferred to
19 another facility, defendants contend that plaintiff's prospective injunctive relief claims have
20 become moot.  Motion to Dismiss (MTD), pp. 1-8.

21           *Legal Standard*

22           In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a
23 complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it
24 must contain factual allegations sufficient to "raise a right to relief above the speculative level."
25 Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).  "The pleading must
26 contain something more...than...a statement of facts that merely creates a suspicion [of] a legally

2

cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Argument/Discussion*

Defendants first argue that defendant Grannis should be dismissed because plaintiff has not set forth sufficient facts to establish a causal link between her conduct and the alleged constitutional deprivation, and her review of plaintiff's inmate appeal cannot serve as a basis for her liability. Defendants contend that there is no liability under the civil rights act where there is

3

no personal involvement in the deprivation of constitutionally protected rights and that inmates have no constitutional right to an administrative grievance process. MTD, pp. 2-4.

Plaintiff argues that the defendants, including Grannis, denied EOP inmates at CMF access to dayroom, yard, showers, library, law library, canteen, church services, medical/dental ducat passes by failing to proved half hour program unlocks that GP inmates receive. Opposition (Opp.), p. 1. Plaintiff seeks to impute liability to defendant Grannis for her failure, at the director's level of review, to rectify the putative violations of his constitutional rights and his rights under the ADA and RA, contending that she thereby participated in the wrongdoing and failed to meet her job responsibilities. Id. at 2. He includes as an exhibit to his opposition, a document identified as Ex. PP(17)e2, which is a copy of second level appeal response, dated 1/18/05, to plaintiff's appeal on behalf of himself and L-1 EOP inmates, Log No. 05-M-2571, filed on 12/03/05 and bypassed to the second level, alleging that EOP inmates, most of whose cells are clean, are being forced to their cells on the ostensible ground that they must do so for ADL/housekeeping, depriving them of dayroom and program activity access and that EOP inmates are kept locked up for count clears and not allowed half-hour unlocks for, inter alia, showers on Thursdays. As plaintiff points out, this appeal was partially granted at the second level to the extent that "the Appellant has proven that the unit half hour unlocks are not being conducted according to the unit log book." Opp., p. 5 & Ex. PP(17)e2. The decision states that "staff will be directed to perform the unit one-way unlocks as stated in their Post Orders." Id.

Notwithstanding, plaintiff contends, his appeal to the third level was denied by defendant Grannis. Id. Although plaintiff does not include his written third level appeal for Log No. 05-M-2571 with his opposition, he does attach it to his second amended complaint as Ex. PP(16). In his third level appeal, plaintiff complains mostly of the actions of defendant Baker in purportedly preventing half hour and count clear unlocks, as well as inappropriately delegating his responsibilities to inmates, apparently while he watches TV. Plaintiff also contends that he informed a staffmember and a judge in an unspecified conference call that defendant Baker was

4

going to manufacture a threat in order to have plaintiff placed in ad seg, which occurred on 1/31/06, because plaintiff had appealed for the unlocks.  Plaintiff claims that defendant Grannis participated in the retaliation in violation of his First Amendment rights by her response.  Opp., pp. 6-7.  Plaintiff's Ex. PP (18) is a copy of the director's level appeal decision for Log No. 05-M-2571 (designated a "group appeal), dated 5/17/06, denying the appeal, but noting that at the second level "staff have been directed to provide unlocks (one-way) on the half-hour pursuant to their post orders."   The decision finds that evidence in EOP Activity Schedule supports the finding that plaintiff is being provided with shower and recreational activity access and notes that the EOP "provides that most intensive level of outpatient mental health care in the Mental Health Services Delivery System," including psychotherapy, medication management, and other programs and that plaintiff's designated housing has restricted access and alternative work, recreational and educational opportunities, designed for inmates who have a mental illness which precludes their ability to be placed with the GP and participate in GP activities.  Ex. PP (18) to Opp.

The gravamen of plaintiff's allegations against defendant Grannis in her individual capacity appears to be her alleged failure to investigate some of the allegations of his inmate appeal, Log No. 05-M-2571, or to respond to the grievance in a manner plaintiff deemed appropriate.  To the extent that plaintiff seeks to implicate this defendant with regard to the processing of any other appeal he made to the director's level, there is insufficient information provided as to whether or not any other grievance related to the issues herein was filed to that level.  Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991).  Azeez v.

DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a constitutional violation.  Buckley, supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[1] Plaintiff's due process claim against defendant Grannis, to the extent he makes one, should be dismissed.

A defendant sued in an individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; known of the violations and failed to act to prevent them; or implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980).  "Without proximate cause, there is no § 1983 liability."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 837

---

[1] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.

(9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school board officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

Williams v. Ellington, 936 F.2d 881, 884-885 (9th Cir. 1991).

This court is unwilling to adopt a rule that anyone involved in adjudicating a grievance after the fact is per se potentially liable under a ratification theory. However, this is not to say that persons involved in adjudicating administrative disputes, or persons to whom complaints are sometimes made, can never be liable under a ratification theory. If, for example, a reviewing official's rejections of administrative grievances can be construed as an automatic whitewash, which may have led other prison officials to have no concern of ever being reprimanded, a ratifying official may be liable for having put a defective policy in place.

In this instance, plaintiff alleges that defendant Grannis, in essence, participated in the alleged retaliation against him by failing to rectify the disparate and retaliatory action of defendant Baker, et al. However, the third level decision notes that the staff has been directed to see to it that they follow their post orders with regard one-way unlocks (one-way) on the half-hour, which appears to largely address the heart of plaintiff's grievance. Thus, plaintiff has not set forth facts with regard to defendant Grannis sufficient to suggest that she is liable to him under a ratification theory (of alleged retaliation), and she should be dismissed on that ground as well, as well as on his claims in his second amended complaint that she violated his rights under the Eighth and Fourteenth Amendments by her response. Nor can plaintiff proceed against this

7

1  individual defendant on his claims for violations of Title II of the ADA. Vinson v. Thomas, 288
2  F.3d 1145, 1156 (9th Cir. 2002) (holding "that a plaintiff cannot bring an action under 42 U.S.C. §
3  1983 against a State official in her individual capacity to vindicate rights created by Title II of the
4  ADA or section 504 of the Rehabilitation Act.")  This action now proceeds on a second amended
5  complaint, such that plaintiff has been provided ample opportunity to amend. Liberality in
6  granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause
7  undue prejudice to the defendant, is not sought in bad faith, and is not futile."  Thornton v.
8  McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198
9  F.3d 752, 757 (9th Cir.1999).  At this point, having had three opportunities to proceed on a
10 colorable claim against defendant Grannis, the court does not find that further leave to amend as
11 to this defendant is warranted.
12           Defendants also contend that plaintiff may not proceed on his claim for prospective
13 injunctive relief because such matters are already subject to enforcement under the Armstrong
14 class action, which addresses violations of the ADA/RA with regard to disabilities of state
15 prisoners and parolees under the Armstrong Remedial Plan. MTD, pp. 4-6. Plaintiff, on the other
16 hand, maintains that he is not a member of the Armstrong class because that action embraces
17 inmates with serious mobility, hearing, visual and/or speech impairments. Opp., p. 7. Instead,
18 plaintiff asserts that he is a class member under Coleman v. Schwarzenegger, CIV-S-90-0520
19 LKK JFM P, which includes mentally impaired inmates such as himself. Opp., p. 3. Further, he
20 maintains that he contacted unspecified government officials and Coleman plaintiffs'
21 representatives about his allegations herein but obtained no relief. Id. The court will not reach
22 this ground of defendants' motion, however, because defendants also point out that plaintiff, now
23 transferred to California State Prison-Lancaster (CSP-LAC), contending that his injunctive relief
24 claims only implicate conditions at CMF. MTD, pp. 6-7. While plaintiff concedes that he was
25 transferred to CSP-LAC as of September of 2007, he argues in his opposition that he has fought
26 the transfer (in spite of the apparently unfair conditions there) and was placed back for transfer

there in October, 2007, citing Ex. H (14). Opp., p. 9. The court can locate no such exhibit attached to his opposition. Nor is any such exhibit appended to his second amended complaint or his putative motion for summary judgment. Moreover, assuming any such transfer was authorized in October of last year, for which plaintiff provides no evidence whatever, nearly a year has passed since any such authorization might have been made, leading to the inevitable inference that such an authorization has been withdrawn or otherwise rescinded. Defendants are correct that plaintiff's prospective injunctive relief claims under the ADA against CDCR and CMF appear to have been mooted by his transfer to CSP-LAC. When an inmate seeks injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot. See Sample v. Borg, 870 F.2d 563 (9th Cir. 1989); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986). See also Reimers v. Oregon, 863 F.2d 630, 632 (9th Cir. 1988). Plaintiff having demonstrated no reasonable possibility that he will be incarcerated at CMF at any predictable time in the future, defendants' motion should be granted on that ground.

Motion for Summary Judgment/Motion for Denial/Continuance

      Plaintiff filed a motion for summary judgment seeking judgment in his favor on his claims within the second amended complaint. Defendants protest, under Fed. R. Civ. P. 56(f), that plaintiff has filed the motion prematurely in that at the time of filing the court had not yet ruled on the motion to dismiss, discovery had not yet been commenced by the parties, defendants have not yet filed an answer and the court has yet to issue either discovery or scheduling orders. Motion for Denial/Continuance, Declaration of David N. Sunada. Defendants' motion to deny plaintiff's summary judgment motion as premature should be granted.

      Accordingly, IT IS HEREBY RECOMMENDED that:

      1. Defendants' motion to dismiss, filed on 12/03/07 (# 21), be granted and plaintiff's claims against defendants Grannis and the CDCR, and his claims for injunctive relief under the ADA/RA be dismissed;

\\\\\

      2. This action proceed only as to plaintiff's First, Eighth and Fourteenth Amendment claims against defendants Nesbeth, Hislip, and Baker for money damages only.

      3. Defendants' 1/29/08 (# 24) motion for denial/continuance of plaintiff's summary judgment motion, pursuant to Fed. R. Civ. P. 56(f), be granted, and plaintiff's motion for summary judgment, filed on 1/22/08 (#23), be denied as premature.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 08/28/08

                              /s/ Gregory G. Hollows

                              GREGORY G. HOLLOWS
                              UNITED STATES MAGISTRATE JUDGE

GGH:009
wils1232.mtd+