IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

        Plaintiff,           No. CIV S-06-1232 MCE GGH P

    vs.

ARNOLD SCHWARZENEGGER, et al.,

        Defendants.      ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pursuant to the Order, filed on 9/25/08, this action now proceeds only as to plaintiff's First, Eighth and Fourteenth Amendment claims against defendants Nesbeth, Hislip and Baker and solely for money damages, plaintiff's claims against defendants Grannis and CDCR, and for injunctive relief under the ADA/RA, having been dismissed. On 11/10/08, the remaining defendants filed their answer to the second amended complaint, pursuant to the court's Order, filed on 10/16/08. On 11/24/08, plaintiff filed a document entitled "counterclaim to defendants' affirmative defenses answers second amended complaint," an apparently inapposite filing not contemplated within the Federal Rules of Civil Procedure or the Local Rules.[1] Nevertheless,

---

[1] See Rule 7(a)(7), which calls for a reply to an answer only "if the court orders one...."

1

1 defendants filed an opposition, on 11/24/08, evidently because plaintiff within his filing
2 references Rule 11(b) and seeks the imposition of sanctions because he maintains the affirmative
3 defenses pled are false and misleading.

4     Defendants are correct that plaintiff's putative motion does not comply with the
5 requirements of Rule 11 (Opp., p. 2); that is, plaintiff evidently did not first serve defendants'
6 counsel with the motion, providing an opportunity for the pleading to be withdrawn before filing
7 the purported motion.  See Rule 11(c)(2).  Moreover, plaintiff, simply by disputing the defenses
8 raised, has not demonstrated that the asserted defenses lack any merit.

9     Accordingly, IT IS ORDERED that to the extent that plaintiff's "counterclaim to
10 defendants affirmative defenses....," filed on 11/24/08 (docket # 35), purports to be a motion
11 seeking Rule 11 sanctions for defendants having allegedly asserted affirmative defenses in their
12 answer which are false, the motion is denied both for plaintiff's having failed to comply with Rule
13 11(c)(2), and because it lacks merit.

14 DATED: June 23, 2009

        /s/ Gregory G. Hollows

        GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE

GGH:009
wils1232.ord