IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID WAYNE WILSON,

     Plaintiff,                    No. CIV S-06-1232 FCD GGH P

  vs.

ARNOLD SCHWARZENEGGER, et al.,

     Defendants,          FINDINGS AND RECOMMENDATIONS
_____/

I. Introduction

      Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for summary judgment filed on January 11, 2010 (Doc. 52) to which defendants opposed on May 6, 2010 (Doc. 60) and defendants' motion for judgment on the pleadings filed on May 5, 2010 (Doc. 56) to which plaintiff filed an opposition on May 28, 2010 (Doc. 63).  For the reasons that follow, the undersigned recommends that this case be closed.

II. Background

      This case is proceeding on the second amended complaint (SAC), filed on April 20, 2007.  Plaintiff suffers from a serious mental illness and is a participant in the Enhanced Outpatient Program (EOP).  Plaintiff alleges violations of his constitutional rights under the First,

1

Eighth and Fourteenth Amendments in this suit.[1]  The remaining defendants are Correctional Officers Nesbeth, Hislip and Baker.

On May 18, 2010, a Related Case Order was issued with respect to the instant case and CIV S-06-1139 FCD GGH and CIV S-06-537 FCD GGH.  Plaintiff's claims against Baker in the instant case were addressed in CIV S-06-0537 FCD GGH, as the claims are identical.  The undersigned has issued concurrent findings and recommendations in that case and recommended that summary judgment be granted and the case closed.  Therefore, the claims against Baker in this action should be dismissed as duplicative.  Adams v. Cal. Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  In the alternative, Baker should be dismissed for the same reasons set forth in the findings and recommendations in case CIV S-06-0537 FCD GGH.

Plaintiff alleges that Nesbeth placed plaintiff in Administrative Segregation (Ad. Seg.) by fabricating stories and this was in retaliation for plaintiff requesting cell unlocks, filing staff complaints, threatening to sue Nesbeth and for gathering signatures for a petition against Nesbeth.  Case CIV S-06-1139 FCD GGH contains the same claims against Nesbeth.  In that case, the prior magistrate judge assigned to the case dismissed plaintiff's third amended complaint in its entirety without leave to amend.  Plaintiff appealed and the Ninth Circuit affirmed as to the dismissal of all claims and defendants except for Nesbeth and the claim of retaliation.  See Docs. 22, 30.  Case CIV S-06-1139 FCD GGH now continues solely on the retaliation claims against Nesbeth.  There are no dispositive motions pending in that case as discovery closed on June 7, 2010 and all dispositive motions shall be filed within 90 days after the close of discovery.  As case CIV S-06-1139 FCD GGH continues solely on the claims against Nesbeth, the undersigned recommends that Nesbeth be dismissed from the instant action due the duplicative nature of the claims.  See Adams, 487 F.3d at 688.

With respect to the sole defendant left in the instant case, plaintiff states that

---

[1] Other claims and defendants have previously been dismissed.

Hislip threatened to confine plaintiff to his cell for requesting cell unlocks, gathering signatures against Hislip for a petition and for wanting to use the dayroom.

III.  Judgment on the Pleadings

Legal Standard

Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. Honey v. Distelrath, 195 F.3d 531, 532-33 (9th Cir. 1999) (citing Nelson v. City of Irvine, 143 F.3d 1196, 1200 (9th Cir. 1998)).  The court must assume the truthfulness of the material facts alleged in the complaint.  All inferences reasonably drawn from these facts must be construed in favor of the responding party.  Westlands Water Dist. v. Firebaugh Canal, 10 F.3d 667, 670 (9th Cir. 1993); see also General Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church, 887 F.2d 228, 230 (9th Cir. 1989).  In addition, all allegations of fact by the party opposing the motion are accepted as true, and are construed in the light most favorable to that party.  McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir.1988). Allegations of the moving party which have been denied are assumed to be false.  Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.1990).

Analysis

Plaintiff's SAC contains only one sentence describing the allegations against Hislip.  Plaintiff states, "On September 30, 2005, Plaintiff gathered signatures Affidavit for C/O Hislip threatened Plaintiff to confined to cell for requesting cell unlocks, Exhibit's S.H.(3), S.H. (4)."  SAC at 3.  The exhibits plaintiff references are a petition to remove Hislip from interacting with EOP inmates due to the manner in which he conducts cell unlocks and an affidavit where plaintiff states Hislip threatened to confine plaintiff to quarters when plaintiff disagreed with Hislip's actions in that Hislip was taking inmates to the yard when plaintiff wanted to use the dayroom.  SAC at 15, 16.  Plaintiff's motion for summary judgment and opposition to the judgment on the pleadings contain no additional facts or allegations regarding Hislip.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Assuming that plaintiff's allegation is true, he has failed to present a colorable retaliation claim against Hislip. It is not clear if there was even any retaliation. There is no evidence that Hislip took any adverse action against plaintiff, as it is not clear if plaintiff was even confined to quarters. Even if Hislip confined plaintiff to quarters for wanting to use the dayroom, this conduct does not support a retaliation claim as plaintiff has failed to describe any protected conduct. Plaintiff has made no allegations that any grievances or suits were filed against Hislip, prior to the alleged retaliation. Plaintiff requesting to use the dayroom when Hislip was taking the inmates to the yard is not protected conduct.

Hislip's threat to confine plaintiff to quarters will not support a retaliation claim as verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

Plaintiff filed his original complaint in this case on June 6, 2006, which was dismissed and plaintiff filed the operative second amended complaint on April 20, 2007. Discovery ended on July 3, 2009, and plaintiff has already filed a motion for summary judgment. Based on this procedural history and that plaintiff has repeatedly failed to allege more substantive allegations against this defendant, Hislip should be dismissed from this action with prejudice.

\\\\\

### IV. Summary Judgment

The undersigned has reviewed plaintiff's motion for summary judgment and finds that it is meritless. Moreover, as the court has recommended that the motion for judgment on the pleadings be granted as to Hislip and claims against Nesbeth and Baker be dismissed as duplicative, plaintiff's motion for summary judgment is denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings (Doc. 56) be granted and defendant Hislip dismissed from this action with prejudice;

2. Defendant Baker be dismissed from this action due to the duplicative nature of the claims against her and for the reasons set forth in CIV S-06-0537 FCD GGH;

3. Defendant Nesbeth be dismissed from this action due to the duplicative nature of the claims against him but the claims will continue against him in CIV S-06-1139 FCD GGH;

4. Plaintiff's motion for summary judgment (Doc. 52) be denied;

5. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH: AB
wils1232.sj